1  MORGAN, LEWIS & BOCKIUS LLP
   PAUL A. ZEVNIK, SBN 75343
2  pzevnik@morganlwis.com
   KATHLEEN A. WATERS,  SBN 194892
3  kwaters@morganlewis.com
   DAVID S. COX, SBN 181232
4  dcox@morganlewis.com
   300 South Grand Avenue
5  Twenty-Second Floor
   Los Angeles, California  90071-3132
6  Tel:    213.612.2500
   Fax:    213.612.2501
7
   Attorneys for Plaintiff
8  PEPSI-COLA METROPOLITAN BOTTLING COMPANY,
   INC.
9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12  PEPSI-COLA METROPOLITAN          Case No. **CV10 2696 SVW (MANx)**
    BOTTLING COMPANY, INC.,
13                                   Judge Assigned:
                *Plaintiff,*
14                                   **COMPLAINT**

15       vs.                        **1.  BREACH OF CONTRACT**

16  INSURANCE COMPANY OF NORTH       **2.  DECLARATORY JUDGMENT**
    AMERICA, INC.; and ONEBEACON
17  AMERICA INSURANCE COMPANY,       **3.  TORTIOUS BREACH OF THE
                                     IMPLIED COVENANT OF GOOD
18              *Defendants.*        FAITH AND FAIR DEALING**

19

20                                   **DEMAND FOR JURY TRIAL**

21

22

23              **COMPLAINT AND JURY DEMAND**

24       Pepsi-Cola Metropolitan Bottling Company, Inc. ("plaintiff" or the "Insured"), on behalf

25  of itself and its pertinent predecessors, subsidiaries and affiliates, including (without limitation)

26  Remco Hydraulics, Inc. ("Remco") and Stanray Corporation ("Stanray"), alleges upon knowledge

27  as to its own acts and upon information and belief based upon a reasonable inquiry as to the acts

28

                                                        COMPLAINT AND JURY DEMAND

and omissions of others including defendants Insurance Company of North America, Inc. ("INA") and OneBeacon America Insurance Company, formerly known as Employers Liability Assurance Corporation and also known as Commercial Union Insurance Company ("OneBeacon") (collectively "defendants" or the "Insurers") as follows:

## NATURE OF THIS ACTION

1.     By this action, plaintiff seeks monetary damages for breach of contract as well as declaratory relief establishing its rights and defendants' duties under comprehensive general liability primary insurance policies issued by OneBeacon to Remco (the "Commercial Union Remco Policies") and comprehensive general liability primary insurance policies issued by INA to Stanray (the "INA Stanray Policies") (collectively, the "Policies") with respect to various third-party liability claims that have been, and in the future may be, asserted against the Insured arising from former operations at a facility in Willits, California. Various persons have sued the Insured for damages claiming to have suffered bodily injury, property damage and/or personal injury as a result of exposure to constituents allegedly released or present in, at, around and in the vicinity of the Willits operations (the "Liability Suits"). The injuries alleged by some or all of the claimants in the Liability Suits are asserted to have taken place, or could have taken place, during defendants' policy periods.

2.     Plaintiff seeks damages as a result of the Insurers' breach of their contractual obligation to provide a complete defense to the Liability Suits. Under legal compulsion, plaintiff has paid and incurred, and will continue to pay and incur, unreimbursed expenses in investigating and defending itself against the claims of bodily injury, property damage and/or personal injury alleged in the Liability Suits. Defendants, without justification, have failed and/or refused to accept, acknowledge or fully undertake their contractual duty to investigate, defend, or otherwise

ensure that plaintiff is made whole for its unreimbursed amounts paid in investigating and defending the Liability Suits.

3.   Plaintiff further seeks damages as a result of defendants' breach of their contractual obligation to indemnify plaintiff (or otherwise pay on plaintiff's behalf) all sums paid by plaintiff or that plaintiff may become obligated to pay as damages or otherwise to resolve certain of the Liability Suits.  As part of their insuring obligations, including the implied covenant of good faith and fair dealing, defendants owe plaintiff a duty to accept and pay reasonable settlements within their limits of liability.   The Insurers breached these obligations by unreasonably refusing to reimburse plaintiff for amounts spent in the reasonable resolution of these suits.

4.   The Insured alleges that defendants' failure fully to honor their duties to investigate, defend, indemnify and pay reasonable settlements on behalf of the Insured has been in tortious derogation of defendants' duties of good faith and fair dealing.  Accordingly, plaintiff seeks consequential and exemplary damages arising from defendants' tortious conduct.

5.   The Insured has satisfied all terms and conditions of the Policies, including the payment of premiums and the timely tender of the Liability Suits to the Insurers for coverage. Alternatively, the performance of the terms and conditions of the Policies has been waived and excused by the Insurers' conduct.  In either event, plaintiff is entitled to the full benefit of its insurance coverage.

6.   In addition, plaintiff seeks a declaration pursuant to 28 U.S.C. § 2201 that defendants are obligated pursuant to the terms of the Policies to defend and indemnify plaintiff, and to pay all costs and expenses, including, without limitation, the costs of investigation, defense, settlement judgment, and appeals, arising from, or in connection with, the Liability Suits and any similar lawsuit that may in the future be initiated against plaintiff arising from its former

COMPLAINT AND JURY DEMAND

Willits operations. There is an actual and present controversy between plaintiff and defendants as to the nature and extent of the Insurers' obligations to plaintiff with respect to the Liability Suits pursuant to the Policies.

## THE PARTIES

7. Plaintiff Pepsi-Cola Metropolitan Bottling Company, Inc. is a New Jersey corporation with its principal place of business in New York. Plaintiff brings this action on behalf of itself for its own benefit, and also on behalf of its predecessors Remco and Stanray. Plaintiff is the successor by merger and name change to PepsiAmericas, Inc. ("PepsiAmericas"). PepsiAmericas is the legal successor to IC Industries, Inc. ("IC Industries"), which also was known at different times as Illinois Central Industries, Inc. ("Illinois Central") and Whitman Corporation ("Whitman"). IC Industries acquired Stanray in 1977. Remco merged into Stanray in 1971. Plaintiff has the right to bring this suit on behalf of Remco and Stanray, its predecessors-in-interest.

8. Defendant Insurance Company of North America ("INA") is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business located in Philadelphia, Pennsylvania. At all times pertinent, INA was authorized and licensed to do, and was doing, business in the State of California. INA is now one of the "ACE Companies." In 1995, INA restructured itself, without policyholder approval, whereby it allegedly transferred its insuring obligations relating to actual and potential environmental liabilities under its historic policies, including the policies INA issued to plaintiff (i.e. the INA Stanray Policies), to CCI Insurance Company. CCI Insurance Company thereafter merged with Century Indemnity Company. INA contends that as a result of its corporate restructuring, it no longer has any duty or obligation under the policies issued to plaintiff for the Liability Suits, a contention that plaintiff alleges is prohibited by applicable law.

4

9.     Defendant OneBeacon America Insurance Company, formerly known as Employers Liability Assurance Corporation, and subsequently as Commercial Union Insurance Company, is an insurance company incorporated under the laws of the Commonwealth of Massachusetts with its principal place of business located in Canton, Massachusetts. At all times pertinent, OneBeacon was licensed to do business, and was doing and transacting business, in the State of California.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds $75,000, exclusive of interest and costs.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) as defendants are authorized to conduct business and regularly do conduct business in this District. As such, defendants have purposefully availed themselves of the benefits and protections of conducting business in California and in this District.

12.     Further, OneBeacon previously sought a declaratory judgment as to its coverage obligations for certain of the Liability Suits in a prior action before this Court styled in its final form as *One Beacon Insurance Group v. PepsiAmericas, Inc.*, No. 01-06929 (C.D. Cal. 2001) (the "Prior Litigation"). In May 2003, as part of the resolution of the Prior Litigation, OneBeacon and plaintiff entered into a Stipulation and Dismissal Agreement (the "Stipulation"), in which the parties agreed that should controversies regarding insurance coverage arise, any and all such controversies between the parties would be heard in the United States District Court for the Central District of California, as follows:

> One Beacon and PepsiAmericas hereby mutually stipulate that the United States District Court for the Central District of California *shall retain jurisdiction* of *all issues in or with respect to the claims and sites pleaded in* the Second Cause of Action in the Complaint should either Party to this Agreement choose to resurrect any claims herein or bring causes of action based on issues, claims or sites pleaded

1    in the Second Cause of Action in the Complaint. . . .

2    (Emphasis added.)

3    A copy of the Stipulation is attached as Tab A.  OneBeacon has previously stated under oath that

4    through the Stipulation the parties "specifically agreed to litigate any future claims as to the

5    
6    Willits, California Site . . . in the U.S. District Court for the Central District of California."

7    
8                              **THE LIABILITY SUITS**

9        13.    The Insured has been sued by more than 1,100 claimants in the following lawsuits

10   alleging, among other things, bodily injury, property damage or personal injury as a result of

11   exposure to constituents allegedly released from or present in, at, around and in the vicinity of the

12   former operations at the Willits facility:

13       • *Hernandez, et al. v. Remco Hydraulics, Inc., et al.*, No. C-98-3987-SI (N.D. Cal.);
14         ("*Hernandez* Suit");

15       • *Avila, et al. v. Willits Environmental Remediation Trust, et al.*, No. C-99-3491-SI
16         (N.D. Cal.); ("*Avila* Suit");

17       • *Arlich, et al. v. Willits Environmental Remediation Trust, et al.*, No. C-01-0266-SI
18         (N.D. Cal.); ("*Arlich* Suit");

19       • *Nickerman, et al. v. Remco Hydraulics, Inc., et al.*, No. C-06-2555-SI (N.D. Cal.);
         ("*Nickerman* Suit"); and

20       • *Whitlock, et al. v. PepsiAmericas, Inc.*, No. C-08-2742-SI (N.D. Cal.) ("*Whitlock*
21         Suit").

22   The claimants in these lawsuits are represented by sophisticated California counsel who engage in

23   complex, high-stakes mass tort litigation.  The suits brought by many of the original claimants

24   have been dismissed as a result of the successful defense efforts by plaintiff.  Other claimants

25   have entered into settlements with plaintiff after a mediation process.  A number of these claims

26   
27   remain pending against plaintiff.

28       14.    The Liability Suits commonly allege that bodily injury, personal injury and/or

                                     6                    COMPLAINT AND JURY DEMAND

property damage took place, or could have taken place, during the period of the Commercial Union Remco Policies and/or the INA Stanray Policies.

15.    The *Hernandez* complaint alleges, *inter alia*, that plaintiff caused "widespread" continuous and progressive damage and injury "in the City of Willits and surrounding groundwater" in the course of operations that are alleged to have taken place prior to and during the Commercial Union Remco Policies periods.

16.    The *Avila* complaint alleges, *inter alia*, that plaintiff negligently "exposed [the plaintiffs] to hazardous chemicals which has caused or will cause them to suffer or contract permanent injuries to their bodies, brains, and nervous system" as well as "severe physical pain and suffering and mental distress." This exposure also is alleged to have caused the plaintiffs in the Liability Suits "damages to their property." The damage and injury is alleged to have taken place prior to and during the OneBeacon and INA Policies periods and the damage and injury are alleged to be continuous and progressive in nature. The *Avila* complaint seeks relief in the form of "damages" from plaintiff.

17.    The *Arlich* complaint alleges, *inter alia*, that plaintiff negligently allowed the "release of toxic chemicals" causing plaintiffs "permanent injuries to their bodies," as well as "property damage." The alleged "release of toxic chemicals" and the resulting damage and injury from the Willits operations are further alleged to have taken place prior to and during the OneBeacon and INA policy periods and the injuries suffered are alleged to be continuous and progressive in nature. The *Arlich* complaint seeks relief in the form of "damages" from plaintiff.

18.    The *Nickerman* complaint alleges, *inter alia*, that plaintiff negligently "exposed [the plaintiffs] to hazardous chemicals which has caused or will cause them to suffer or contract permanent injuries to their bodies, brains, and nervous system" as well as "severe physical pain and suffering and mental distress." This exposure to "hazardous chemicals" and resulting

COMPLAINT AND JURY DEMAND

damage and injury also are alleged to have caused the plaintiffs ""damages to their property." The alleged release of "hazardous chemicals" and resulting damage and injury from the Willits operations are further alleged to have taken place prior to and during the Commercial Union Remco Policies periods and the INA Stanray Policies periods, and the injuries suffered are alleged to be continuous and progressive in nature. The *Nickerman* complaint seeks relief in the form of "damages" from plaintiff.

19.     The *Whitlock* complaint alleges, *inter alia*, that plaintiff negligently "subjected the plaintiffs to exposure to toxins" that "has caused or will cause them to suffer or contract permanent injuries to their bodies, brains, and nervous system" as well as "severe physical pain and suffering and mental distress." This "exposure to toxins" is also alleged to have caused the plaintiffs "particularized injuries to . . . the real property they held or presently hold an interest in." The alleged damage from the Willits operations is further alleged to have taken place prior to and during the Commercial Union Remco Policies periods and the INA Stanray Policies periods, and the injuries suffered are alleged to be continuous and progressive in nature. The *Whitlock* complaint seeks relief in the form of "damages" from plaintiff.

20.     To date, plaintiff has incurred substantial damages investigating, defending, and resolving the Liability Suits. These damages are continuing and increasing.

## THE COMMERCIAL UNION REMCO POLICIES

21.     OneBeacon issued at least the following primary policies covering plaintiff and the Liability Suits (the "Commercial Union Remco Policies"):

| Policy Number | Policy Period | Per Occurrence Limits |
| --- | --- | --- |
| 19216955 | 7/1/66-7/1/67 | $300,000 |
| 19226479 | 7/1/67-7/1/68 | $300,000 |

COMPLAINT AND JURY DEMAND

|  | 19228416 | 7/1/68-7/1/69 | $300,000 |

22.     The claims asserted against Remco are not subject to an aggregate limit of liability in the Commercial Union Remco Policies, but, rather, the Commercial Union Remco Policies respond repeatedly to each and every occurrence resulting from or caused or allegedly caused by the Insured's operations.   The Commercial Union Remco Policies also contain an unlimited supplemental duty to pay or reimburse defense and investigation costs.

23.     The Commercial Union Remco Policies may be incomplete or missing, but the substance of these instruments is ascertainable through secondary evidence, including certificates of insurance.  *Dart Industries, Inc. v. Commercial Union Insurance Company*, 28 Cal.4th 1059, 52 P.3d 79 (Cal. 2002).

24.     The substance of the insuring agreements of the Commercial Union Remco Policies is that each provides coverage for all sums that the Insured becomes legally obligated to pay as damages as a result of property damage, bodily injury, and/or personal injury that take place during the policy periods.  Moreover, the Commercial Union Remco Policies each provides a supplemental defense for suits that allege such damages, even if the allegations of such suits are "groundless, false or fraudulent."  As such, the Commercial Union Remco Policies were designed and intended to provide comprehensive defense and indemnity coverage for the allegations asserted in the Liability Suits and for any damages arising therefrom.  Most significantly, the Commercial Union Remco Policies provide for a full and complete defense from and against the Liability Suits, notwithstanding that the policies may allegedly be incomplete. *See Dart Indus., Inc. v. Commercial Union Ins. Co., 28* Cal.4th 1059, 1071 (2002) (finding that a primary insurer breached its contract by refusing to pay defense costs for potentially covered suits even though only secondary evidence of the basic terms of the policy existed and was required to reimburse its

COMPLAINT AND JURY DEMAND

insured for defense costs incurred and prejudgment interest on such costs).   A partial or incomplete defense is the same as no defense.  *See Haskel, Inc. v. Superior Court*, 33 Cal. App. 4th 963, 976, n. 9 (1995).  Where the coverage dispute turns on a factual dispute, as is here, the potential for coverage arises and exists until that dispute is conclusively resolved.  *See Montrose Chemical Corp. v. Superior Court ("Montrose I")*, 6 Cal.4th 287, 295 (1993).  Indeed, the very existence of a factual coverage dispute establishes the potential for coverage and thus the duty to defend.  *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal.4th 1076, 1085 (1993); *Mirpad, LLC v. California Ins. Guarantee Assn.*, 132 Cal.App.4th 1058, 1068 (2005).  Consequently, failure to provide a defense where the coverage dispute is factual in nature is presumptively a breach of the covenant of good faith and fair dealing.

## THE INA STANRAY POLICIES

25.    INA issued at least the following primary policies covering plaintiff and one or more of the Liability Suits (the "INA Stanray Policies"): sought herein against INA:

| Policy Number | Policy Period | Per Occurrence Limits |
|---|---|---|
| GAL 104242 | 1/31/72 – 1/31/73 | $500,000 |
| GAL 210403 | 1/31/73 – 1/31/74 | $500,000 |
| GAL 210421 | 1/31/74 – 6/1/74 | $500,000 |

26.    The claims asserted against plaintiff are not subject to an aggregate limit of liability in the INA Stanray Policies, but, rather, the INA Stanray Policies respond repeatedly to each and every occurrence resulting from or caused or allegedly caused by the Insured's operations.  The INA Stanray Policies also contain an unlimited supplemental duty to pay or reimburse defense and investigation costs.

COMPLAINT AND JURY DEMAND

## DEFENDANTS' IMPROPER CLAIMS HANDLING ACTIVITIES AND OTHER BAD FAITH ACTS

27.     Plaintiff timely notified and has tendered and continues to tender for defense and indemnity of the Liability Suits pursuant to the terms of the Commercial Union Remco Policies and the INA Stanray Policies and applicable law.

28.     The Insurers never have provided plaintiff with a complete defense from and against the Liability Suits as required under the terms of the Policies and applicable law.  The Insurers have remitted belated and partial payment for certain of the reasonable and necessary defense costs tendered by plaintiff in connection with certain of the Liability Suits only after unilaterally applying arbitrary discounts to plaintiffs' invoices, in derogation of the rights of its insured.  OneBeacon wrongfully has failed to pay any of plaintiff's defense and investigation costs for certain Liability Suits, and only portions of the defense costs for other Liability Suits, and thus has breached its basic insuring duty.    *Haskel, Inc. v. Superior Court*, 33 Cal. App. 4th 963, 976, n. 9 (1995).

29.     OneBeacon was tendered certain of the Liability Suits no later than February 15, 2001, but waited more than 22 months before acknowledging its defense and investigation obligation.  OneBeacon's pattern of delay continued after it belatedly agreed to "participate" in the defense when OneBeacon not only failed to pay most of plaintiff's defense costs, but the small amounts reimbursed by OneBeacon were paid many months after the invoices were tendered by plaintiffs.  For example, OneBeacon, despite receiving invoices on a monthly basis, paid a portion of the invoices from February 2006 through March 2007 in November 2008, more than 21 months after the first invoice was sent to OneBeacon.  OneBeacon routinely waited months from the first invoice before reimbursing a small percentage, and at times took up to *38 months* to reimburse a portion of an invoice.

COMPLAINT AND JURY DEMAND

30.     INA similarly waited months and sometimes years to reimburse plaintiff's defense invoices, and then only paid a greatly reduced percentage of the invoice leaving plaintiff to pay most of the defense invoices on its own.  For example, on November 3, 2006, INA paid a small percentage of plaintiff's defense invoices for the time period January 2002 through January 2003.  Thus, INA waited more than *three and a half years* to reimburse some of plaintiff's defense invoices.

31.     The Insurers' bad faith conduct was not limited to the timing of its payments.  At a certain point the Insurers each unilaterally stopped paying their respective 33.3 percent of the defense invoices that it agreed to pay along with the other remaining primary insurer, and reduced that percentage by more than 50 percent.  By their actions, the Insurers left plaintiff to pay more than 80 percent of each defense invoice, reimbursing only approximately 15 percent of the Insured's defense and investigation costs.  The payment of the only approximately 15 percent of defense costs is presumptive bad faith, a breach of contract and the duty of good faith and fair dealings. *Haskel, Inc. v. Superior Court,* 33 Cal. App. 4th 963, 976, n. 9 (1995).

32.     With respect to the *Hernandez Suit*, OneBeacon has refused to pay any defense costs and has not responded to numerous and repeated demands for payment.  As alleged herein, the *Hernandez* Suit clearly alleges property damage taking place during the OneBeacon policy periods and, hence, creates the potential for coverage. *Montrose Chemical Corp. of Calif. v. Admiral Ins. Co. ("Montrose II")* 10 Cal. 4th 645, 689 (1995).  Accordingly, OneBeacon has no reasonable basis for refusing to pay these defense costs or for refusing to respond to its insured's demands for coverage.

33.     The Insurers' improper claims handling practices have resulted in millions of dollars of unreimbursed defense costs to date, before interest, in connection with the Liability Suits.

COMPLAINT AND JURY DEMAND

34.     In addition, defendants in bad faith have refused to settle Liability Suits and have unreasonably and without justification withheld consent for numerous settlements within the limits of the Policies, and have refused to pay or reimburse these settlements, despite being within the limits of the Policies.

### FIRST CLAIM FOR RELIEF—AGAINST ALL DEFENDANTS
#### (Breach of Contract: Duty to Defend or Pay or Reimburse
#### _Costs of Defense and Investigation of the Liability Suits_)

35.     Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 34 above as though fully set forth herein, and further alleges as follows:

36.     Defendants have an affirmative duty to investigate and defend plaintiff fully from and against the Liability Suits, pursuant to the terms of the Policies and applicable law, where there is a mere possibility of coverage, even if the allegations are "groundless, false or fraudulent". _Horace Mann Ins. Co. v. Barbara B.,_ 4 Cal. 4th 1076, 1088 (1993). As to INA only, plaintiff is not asserting any claims for relief in this Complaint with respect to the _Hernandez_ Suit.

37.     Defendants have failed and refused in a timely manner to investigate fully, defend fully, or reimburse fully plaintiff's defense and investigation costs, or fully to acknowledge their insuring obligations to plaintiff.

38.     By their failure and refusal fully to investigate, defend, or reimburse plaintiff's defense and investigation costs incurred as a result of the Liability Suits, OneBeacon has materially breached each of the Commercial Union Remco Policies and INA has materially breached each of the INA Stanray Policies. As a direct result of the specified breaches of contract, plaintiff has paid millions of dollars of unreimbursed defense and investigation costs in connection with the Liability Suits, and such damages are continuing.

39.     Plaintiff has complied with and has fully performed all terms and conditions under

the Commercial Union Remco Policies and the INA Stanray Policies, including payment of premiums and timely demand for performance, and the Insurers are estopped on account of their breaches of contract from contending otherwise.

40.    As a direct and proximate result of each of the specified breaches of contract, which are continuing to at least the date of this Complaint, the Insurers have deprived plaintiff of the benefit of the insurance coverage for which the Insurers were paid substantial premiums.

41.    As a direct and proximate result of defendants' material breaches of contract, plaintiff has suffered, and is entitled to recover, direct, indirect, consequential, and incidental damages in an amount to be determined at trial.

42.    As a direct and proximate result of defendants' failure and refusal fully to investigate and defend plaintiff, fully to reimburse plaintiff's defense and investigation costs, and/or fully to acknowledge their insuring obligations to plaintiff, defendants are estopped from enforcing, and therefore may not enforce, against plaintiff any purported contractual obligation, limitation, or exclusion set forth in its contracts, including without limitation any provision purporting to limit aggregate or per occurrence liability, any provision purporting to exclude certain types of damages, or any provision purporting to impose on plaintiff a duty to cooperate or to mitigate damages, to give notice of occurrence of claims or to pay retrospective premiums, deductibles, or similar obligations.

## SECOND CLAIM FOR RELIEF—AGAINST ALL DEFENDANTS
### *(Breach of Contract: Duty to Indemnify the Insured Against the Liability Suits)*

43.    Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 42 above as though fully set forth herein, and further alleges as follows:

44.    The Insurers have failed to pay or reimburse plaintiff's settlements to date in the Liability Suits or fully to acknowledge their insuring obligations in connection with the

COMPLAINT AND JURY DEMAND

1    settlements of the Liability Suits, despite timely tender of demand for payment.

2        45.    The Insurers are obligated to reimburse, up to the applicable limits, each of the

3    settlements with claimants who allege bodily injury and/or personal injury (including exposure)

4    during the period of their respective Policies.  Plaintiff has entered into reasonable settlements

5    with claimants who allege bodily injury and/or personal injury during the period of the

6    Commercial Union Remco Policies and the INA Stanray Policies.  To date, defendants have

7    failed and refused to pay any of these settlements.

8

9        46.    By their failure and refusal fully to pay or reimburse plaintiff's legal liabilities or

10   fully to acknowledge their insuring obligations to plaintiff, defendants have breached their

11   contracts of insurance with plaintiff.

12       47.    Plaintiff has complied with and has performed fully all terms and conditions under

13   the Policies and defendants are estopped from contending otherwise or from contesting the

14   reasonableness of any of these settlements as a direct and proximate result of their failure and

15   refusal fully to pay or reimburse plaintiff's settlements of Liability Suits.

16

17       48.    As a direct and proximate result of defendants' breaches of contract, which are

18   continuing to at least the date of this Complaint, defendants have deprived plaintiff of the benefit

19   of the insurance coverage for which defendants were paid substantial premiums.

20

21       49.    As a direct and proximate result of defendants' material breaches of contract,

22   plaintiff has suffered, and is entitled to recover, direct, indirect, consequential and incidental

23   damages in an amount to be determined at trial.

24

25      **THIRD CLAIM FOR RELIEF—AGAINST ALL DEFENDANTS**
     *(Declaratory Judgment: Duty to Defend and/or Pay Defense Costs and To Indemnify)*

26

27       50.    Plaintiff repeats and incorporates by reference the allegations contained in

28   Paragraphs 1 through 49 above as though fully set forth herein, and further alleges as follows:

15                          COMPLAINT AND JURY DEMAND

51.     The Insurers are obligated, under the Policies and applicable law, to investigate, defend, reimburse and indemnify plaintiff completely from and against the Liability Suits. Defendants disagree, or on information and belief will disagree, with these assertions.  An actual and justiciable controversy exists between plaintiff and defendants concerning defendants' obligations under the Policies.

52.     A judicial declaration is necessary and appropriate at this time, and under the circumstances alleged above, so that plaintiff may ascertain its rights under the Policies.  A judicial declaration of plaintiff's rights under the Policies will obviate *seriatim* litigation and a multiplicity of actions that otherwise would result from the actual and justiciable controversy between plaintiff and defendants concerning their respective rights and obligations under the Policies.

### FOURTH CLAIM FOR RELIEF—AGAINST ALL DEFENDANTS
*(Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing)*

53.     Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 52 above as though fully set forth herein, and further alleges as follows:

54.     At all times relevant, defendants have been engaged in the trade or business of issuing comprehensive general liability policies, including (without limitation) the Policies which are the subject of this action, and in administering and handling claims thereunder.

55.     The Policies are contracts and, as such, contain an implied covenant of good faith and fair dealing.

56.     Defendants have failed and refused to honor their contractual obligations to plaintiff and, in doing so, have willfully and knowingly breached the implied covenant of good faith and fair dealing by committing at least the following wrongful acts:

COMPLAINT AND JURY DEMAND

(a)   Forcing plaintiff to institute litigation to recover amounts due under the Policies;

(b)   Unilaterally and arbitrarily discounting reasonable and necessary costs incurred by plaintiff in the defense of the Liability Suits;

(c)   Conditioning payment of defense costs on satisfaction of its own internal guidelines, irrespective of plaintiff's contractual rights;

(d)   Failing promptly to provide a reasonable explanation of its contractual basis in relation to the facts or applicable law for refusing to pay 100 percent of defense costs or to participate, in good faith, in settlement efforts;

(e)   Failing and refusing to perform known insuring obligations;

(f)   Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the Policies;

(g)   Failing to provide prompt, reasonable, or consistent explanations of coverage decisions;

(h)   Failing to conduct a prompt or reasonable investigation of the Liability Suits;

(i)   Failing to pay promptly invoices submitted by plaintiff;

(j)   Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the Policies; and

(k)   Refusing to pay claims without conducting a reasonable investigation based upon all available information.

57.   Defendants' conduct was and is knowing, willful, wanton, intentional, deliberate, frivolous, malicious, fraudulent and oppressive and is without basis in law or fact, and has been and is undertaken solely to avoid their required payments under the Policies and to protect their own pecuniary interests at the expense of plaintiff's interests, and in violation of plaintiff's known rights.

58.   In light of the foregoing, and otherwise, defendants may not enforce or attempt to enforce against plaintiff any purported contractual obligation, limitation or exclusion set forth in the Policies or any contractual term or condition allegedly running in their favor.

COMPLAINT AND JURY DEMAND

59.     As a direct result of the Insurers' bad faith conduct, plaintiff is entitled to recover money damages in an amount to be proven at trial, including all incidental, consequential, and exemplary damages, attorneys' fees, proximately or otherwise resulting from defendants' breach of the covenant of good faith and fair dealing, and other appropriate relief, including plaintiff's ability to continue to control its defense and disposition of the Liability Suits.

**WHEREFORE,** plaintiff respectfully prays for the following relief:

**A.     On Plaintiff's First and Second Claims for Relief:**

1.     For damages sustained as a result of defendants' breaches of the Policies, in an amount to be determined at trial;

2.     For an order to the effect that OneBeacon is estopped from asserting any exclusions or other limitations on coverage under the Commercial Union Remco Policies with respect to the Liability Suits, and/or has waived any such exclusions or limitations to coverage, by reason of its failure and refusal fully to investigate and defend plaintiff;

3.     For an order to the effect that INA is estopped from asserting any exclusions or other limitations on coverage under the INA Stanray Policies with respect to the Liability Suits, and/or has waived any such exclusions or limitations to coverage, by reason of its failure and refusal fully to investigate and defend plaintiff;

**B.     On Plaintiff's Third Claim for Relief:**

1.     For an order pursuant to 28 U.S.C. § 2201, declaring that OneBeacon is obligated pursuant to the terms of the Commercial Union Remco Policies to defend and indemnify plaintiff, and to pay all costs and expenses, including, without limitation, the costs of investigation, defense, settlement, judgment and appeal, arising from, or in connection with, past, pending and future Liability Suits;

2.     For an order pursuant to 28 U.S.C. § 2201, declaring that INA is obligated

COMPLAINT AND JURY DEMAND

pursuant to the terms of the INA Stanray Policies to defend and indemnify plaintiff, and to pay all costs and expenses, including, without limitation, the costs of investigation, defense, settlement, judgment and appeal, arising from, or in connection with, past, pending and future Liability Suits;

**C.      On Plaintiff's Fourth Claim for Relief**

1.      For actual damages sustained as a result of OneBeacon's breaches of the Commercial Union Remco Policies, in an amount to be determined at trial;

2.      For actual damages sustained as a result of INA's breaches of the INA Stanray Policies, in an amount to be determined at trial;

3.      For punitive or exemplary damages as a result of OneBeacon's willful and knowing breaches of the Commercial Union Remco Policies, in an amount to be determined at trial and sufficient to deter future such bad faith conduct by this defendant and others;

4.      For punitive or exemplary damages as a result of INA's willful and knowing breaches of the INA Stanray Policies, in an amount to be determined at trial and sufficient to deter future such bad faith conduct by this defendant and others;

**D.      On Each of Plaintiff's Claims for Relief**

1.      For an order awarding plaintiff its costs and expenses, including but not limited to its attorneys' fees, in bringing and pursuing this action;

2.      For an order awarding plaintiff pre-judgment and post-judgment interest; and

3.      Such other and further relief that the Court may deem just and proper.

///
///
///
///
///

COMPLAINT AND JURY DEMAND

1

## DEMAND FOR JURY TRIAL

2    Plaintiff hereby demands a trial by jury herein for all issues so triable.

3

4    DATED:  April 14, 2010

MORGAN, LEWIS & BOCKIUS LLP

5

6

7    Paul A. Zevnik, State Bar No. 75343
     Kathleen A. Waters, State Bar No. 194892
8    David S. Cox, State Bar No. 181232

9    *Attorneys for Plaintiff Pepsi-Cola Metropolitan*
     *Bottling Company, Inc.*

10

11   DB1/64700692.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT AND JURY DEMAND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV10- 2696 SVW (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 02/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

PEPSI-COLA METROPOLITAN BOTTLING
COMPANY, INC.,
            *Plaintiff*
            v.
INSURANCE COMPANY OF NORTH AMERICA, INC.; and
ONEBEACON AMERICA INSURANCE COMPANY,
            *Defendant*

)
)
)
)
)

**CV10 2696 SVW** (MANx)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
INSURANCE COMPANY OF NORTH AMERICA, INC.; and, ONEBEACON AMERICA INSURANCE
COMPANY

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are: Morgan, Lewis & Bockius LLP, Paul A. Zevnik, 300 S. Grand
Avenue, Twenty-Second Floor, Los Angeles, CA 90071-3132

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ___APR 1 4 2010___

**CHRISTOPHER POWERS**

_____
*Signature of Clerk or Deputy Clerk*

SEAL

AO-440

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself [X] )<br><br>PEPSI-COLA METROPOLITAN BOTTLING COMPANY, INC. | **DEFENDANTS**<br><br>INSURANCE COMPANY OF NORTH AMERICA, INC.; and ONEBEACON AMERICA INSURANCE COMPANY |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Paul A. Zevnik<br>MORGAN, LEWIS & BOCKIUS LLP<br>300 S. Grand Avenue<br>Suite 2200<br>Los Angeles, California 90071-3132<br>213-612-2500 | Attorneys (If Known) |

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [X] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV.   ORIGIN** (Place an X in one box only.)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify):
- [ ] 6 Multi-District Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** [X] Yes   [ ] No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** [ ] Yes [X] No      [ ] **MONEY DEMANDED IN COMPLAINT: $** _____

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 1332(a)

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| [ ] 400 State Reapportionment | [X] 110 Insurance | [ ] 310 Airplane | [ ] 370 Other Fraud | [ ] 510 Motions to Vacate Sentence Habeas Corpus | [ ] 710 Fair Labor Standards Act |
| [ ] 410 Antitrust | [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 371 Truth in Lending | | [ ] 720 Labor/Mgmt. Relations |
| [ ] 430 Banks and Banking | [ ] 130 Miller Act | [ ] 320 Assault, Libel & Slander | [ ] 380 Other Personal Property Damage | [ ] 530 General | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act |
| [ ] 450 Commerce/ICC Rates/etc. | [ ] 140 Negotiable Instrument | [ ] 330 Fed. Employers' Liability | [ ] 385 Property Damage Product Liability | [ ] 535 Death Penalty | |
| [ ] 460 Deportation | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 340 Marine | BANKRUPTCY | [ ] 540 Mandamus/ Other | [ ] 740 Railway Labor Act |
| [ ] 470 Racketeer Influenced and Corrupt Organizations | [ ] 151 Medicare Act | [ ] 345 Marine Product Liability | [ ] 422 Appeal 28 USC 158 | [ ] 550 Civil Rights | [ ] 790 Other Labor Litigation |
| [ ] 480 Consumer Credit | [ ] 152 Recovery of Defaulted Student Loan (Excl. Veterans) | [ ] 350 Motor Vehicle | [ ] 423 Withdrawal 28 USC 157 | [ ] 555 Prison Condition | [ ] 791 Empl. Ret. Inc. Security Act |
| [ ] 490 Cable/Sat TV | | [ ] 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| [ ] 810 Selective Service | [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 360 Other Personal Injury | [ ] 441 Voting | [ ] 610 Agriculture | [ ] 820 Copyrights |
| [ ] 850 Securities/Commodities/ Exchange | [ ] 160 Stockholders' Suits | [ ] 362 Personal Injury-Med Malpractice | [ ] 442 Employment | [ ] 620 Other Food & Drug | [ ] 830 Patent |
| [ ] 875 Customer Challenge 12 USC 3410 | [ ] 190 Other Contract | [ ] 365 Personal Injury-Product Liability | [ ] 443 Housing/Acco-mmodations | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 840 Trademark |
| [ ] 890 Other Statutory Actions | [ ] 195 Contract Product Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 444 Welfare | | SOCIAL SECURITY |
| [ ] 891 Agricultural Act | [ ] 196 Franchise | | [ ] 445 American with Disabilities - Employment | [ ] 630 Liquor Laws | [ ] 861 HIA (1395ff) |
| [ ] 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | [ ] 640 R.R. & Truck | [ ] 862 Black Lung (923) |
| [ ] 893 Environmental Matters | [ ] 210 Land Condemnation | [ ] 462 Naturalization Application | [ ] 446 American with Disabilities - Other | [ ] 650 Airline Regs | [ ] 863 DIWC/DIWW (405(g)) |
| [ ] 894 Energy Allocation Act | [ ] 220 Foreclosure | [ ] 463 Habeas Corpus-Alien Detainee | [ ] 440 Other Civil Rights | [ ] 660 Occupational Safety/Health | [ ] 864 SSID Title XVI |
| [ ] 895 Freedom of Info. Act | [ ] 230 Rent Lease & Ejectment | [ ] 465 Other Immigration Actions | | [ ] 690 Other | [ ] 865 RSI (405(g)) |
| [ ] 900 Appeal of Fee Determi-nation Under Equal Access to Justice | [ ] 240 Torts to Land | | | | FEDERAL TAX SUITS |
| [ ] 950 Constitutionality of State Statutes | [ ] 245 Tort Product Liability | | | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| | [ ] 290 All Other Real Property | | | | [ ] 871 IRS - Third Party 26 USC 7609 |

CV10 2696

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2
                                                                              CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  [X] No   [ ] Yes

If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  [ ] No   [X] Yes

If yes, list case number(s):  01-06929 GAF (PJWx)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [X] A. Arise from the same or closely related transactions, happenings, or events; or

[X] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Pennsylvania and Massachusetts |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | See Attachment 1 |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Paul Zevnik_ by _signature_   Date April 14, 2010

Paul A. Zevnik

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

United States District Court, Central District of California
Civil Cover Sheet

ATTACHMENT 1

IX. VENUE
(c) The California counties outside this District and states other than California in which EACH claim arose are:

1. Mendocino; or
2. San Francisco; or
3. Illinois; or
4. Massachusetts; or
5. Pennsylvania.