JOHN C. CONWAY (SBN 179301)
AIWASIAN & ASSOCIATES
725 South Figueroa Street, Suite 1050
Los Angeles, CA 90017
Telephone: (213) 233-9650
Facsimile: (213) 233-9651
*john.conway@mclolaw.com*

Attorneys for Defendant, Cross-Claimant and Cross-Defendant CENTURY INDEMNITY COMPANY, as successor to CCI Insurance Company, as successor to Insurance Company of North America

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

PEPSI-COLA METROPOLITAN BOTTLING COMPANY, INC.,

Plaintiff,

vs.

INSURANCE COMPANY OF NORTH AMERICA, INC.; and ONEBEACON AMERICA INSURANCE COMPANY,

Defendants.

AND RELATED CROSS-ACTIONS.

Case No.: CV10 2696 SVW (MANx)

*Assigned to Hon. Stephen V. Wilson, Courtroom 6*

**CROSS DEFENDANT CENTURY INDEMNITY COMPANY'S ANSWER TO CROSS-COMPLAINT OF DEFENDANT ONEBEACON AMERICA INSURANCE COMPANY**

Complaint Served: 4/15/10
Response Due: 10/8/10

1. NOW COMES Cross Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America (“Century”), by its attorneys, and for its Answer and Affirmative Defenses to the Cross-Complaint of Defendant OneBeacon America Insurance Company (the "Cross Complaint") states the following:

///

I. NATURE OF ACTION

2. Century states that ¶ 2 of the Cross Complaint is a declaratory statement characterizing the relief sought by OneBeacon and that no answer to such a statement is required. To the extent an answer is deemed required, Century admits that OneBeacon brings the cross-claim it purports to bring.

3. Century states that ¶ 3 of the Cross Complaint is a declaratory statement characterizing the relief sought by OneBeacon and that no answer to such a statement is required. To the extent an answer is deemed required, Century admits that OneBeacon seeks the relief described.

4. Century states that ¶ 4 of the Cross Complaint is a declaratory statement characterizing the relief sought by OneBeacon and that no answer to such a statement is required. To the extent an answer is deemed required, Century admits that OneBeacon seeks the relief described.

II. JURISDICTION

5. Century admits the allegations in ¶ 5 of the Cross Complaint.

III. VENUE

6. Century admits the allegations in ¶ 6 of the Cross Complaint.

IV. PARTIES

7. On information and belief, Century admits the allegations in ¶ 7.

8. On information and belief, Century admits the allegations in ¶ 8.

9. On information and belief, Century admits the allegations in ¶ 9.

10. On information and belief, Century admits the allegations in ¶ 10.

11. On information and belief, Century admits the allegations in ¶ 11.

12. On information and belief, Century admits the allegations in ¶ 12.

13. On information and belief, Century admits the allegations in ¶ 13.

14. On information and belief, Century admits the allegations in ¶ 14.

15. Century states that ¶ 15 of the Cross Complaint is a declaratory statement of OneBeacon's knowledge and that no answer to such a statement is required.

16. Century states that ¶ 16 of the Cross Complaint is a declaratory statement of reference and that no answer to such a statement is required..

IV. THE INSURANCE POLICIES

17. Century admits that OneBeacon is alleged to have issued the policies described in ¶ 17.

18. On information and belief, Century admits the allegations in ¶ 18.

19. On information and belief, Century admits the allegations in ¶ 19.

20. On information and belief, Century admits the allegations in ¶ 20.

21. On information and belief, Century admits the allegations in ¶ 21.

22. Century is informed and believes that three policies issued to Stanray with the alleged policy numbers and approximate effective dates described in ¶ 22, and on that basis, admits the allegations contained in ¶ 22.

23. On information and belief, Century admits the allegations in ¶ 23.

V. GENERAL ALLEGATIONS

24. On information and belief, Century admits that Pepsi makes the assertion described in ¶ 24, and on that basis Century admits the allegations in ¶ 24.

25. Century lacks information to admit or deny the truth of the allegations in ¶ 25, and on that basis denies such allegations.

26. On information and belief, Century admits the allegations in ¶ 26.

27. On information and belief, Century admits the allegations in ¶ 27.

28. On information and belief, Century admits the allegations in ¶ 28.

29. Century admits the allegations in ¶ 29.

30. On information and belief, Century admits the allegations in ¶ 30.

31. On information and belief, Century admits the allegations in ¶ 31.

32. On information and belief, Century admits the allegations in ¶ 32.

FIRST CAUSE OF ACTION

(Against Insurer Cross-Defendants for Declaratory Relief)

33. Century repeats and incorporates by reference its admissions and denials to ¶¶ 1-32, inclusive, as though set forth fully herein.

34. Century admits the allegations in ¶ 34.

35. On information and belief, Century admits that OneBeacon has made payments to Pepsi for defense costs incurred and that it purports to do so under a reservation of rights. Century also admits that OneBeacon alleges what it asserts. Century states that the remainder of ¶ 35 is a statement of legal position and that no answer to such statement is required. To the extent an answer is deemed required, Century lacks information to admit or deny the remainder of ¶ 35, and on that basis denies such allegations.

36. On information and belief, Century admits that Cross Defendants Travelers, Wausau, National Union, Continental and Northwestern have a duty to defend, That Allstate may now or imminently have such duty, and that such Cross Defendants including Allstate may now or imminently have a duty to indemnify Pepsi with respect to the Underlying Actions. Century has reserved its rights, and continues to reserve such rights, with respect to whether Century owes any duty to defend and/or indemnify Pepsi under the terms of Century insurance policies, and denies such allegations with respect to Century on that basis.

37. Century admits the allegations in ¶ 37.

38. Century states that ¶ 38 of the Cross Complaint is a declaratory statement characterizing the relief sought by OneBeacon and that no answer to such a statement is required. To the extent an answer is deemed required, Century admits that OneBeacon seeks the relief described.

39. Century admits the allegations in ¶ 39.

///

SECOND CAUSE OF ACTION

(Against Cross-Defendant Pneumo Abex for Declaratory Relief)

40. Century repeats and incorporates by reference its admissions and denials to ¶¶ 1-39, inclusive, as though set forth fully herein.

41. Century lacks information to admit or deny the truth of the allegations in ¶ 41, and on that basis denies such allegations.

42. On information and belief, Century admits that OneBeacon has made payments to Pepsi for defense costs incurred and that it purports to do so under a reservation of rights. Century lacks information to admit or deny the truth of the remaining allegations in ¶ 42.

43. On information and belief, Century admits the allegations of ¶ 43.

44. Century lacks information to admit or deny the truth of the allegations in ¶ 44, and on that basis denies such allegations.

45. On information and belief, Century admits the allegations of ¶ 45.

46. Century states that ¶ 46 of the Cross Complaint is a declaratory statement characterizing the relief sought by OneBeacon and that no answer to such a statement is required. To the extent an answer is deemed required, Century admits that OneBeacon seeks the relief described.

THIRD CAUSE OF ACTION

(Against Cross-Defendant Pneumo Abex for Unjust Enrichment / Reimbursement)

47. Century repeats and incorporates by reference its admissions and denials to ¶¶ 1-46, inclusive, as though set forth fully herein.

48. Century lacks information to admit or deny the truth of the allegations in ¶ 48, and on that basis denies such allegations.

49. On information and belief, Century admits that OneBeacon has made payments to Pepsi for defense costs incurred and that it purports to do so under a

reservation of rights. Century lacks information to admit or deny the truth of the remaining allegations in ¶ 49.

50. On information and belief, Century admits the allegations of ¶ 50.

51. Century lacks information to admit or deny the truth of the allegations in ¶ 51, and on that basis denies such allegations.

52. Century states that ¶ 52 of the Cross Complaint is a declaratory statement characterizing the relief sought by OneBeacon and that no answer to such a statement is required. To the extent an answer is deemed required, Century admits that OneBeacon seeks the relief described.

**AFFIRMATIVE DEFENSES**

For further and separate defenses, Century alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Cross Complaint, and each cause of action purportedly set forth therein against Century, fails to state facts sufficient to constitute a cause of action against Century upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Cross Complaint fails to state facts sufficient to establish the existence of any duty on behalf of Century to defend or indemnify Pepsi, or to contribute to any defense or indemnification of Pepsi, or to reimburse Pepsi for any expenses incurred, in connection with the events and claims identified in the Cross Complaint (the "Underlying Claims").

**THIRD AFFIRMATIVE DEFENSE**

The duty of Century, if any, to defend or indemnify Plaintiff, or to contribute to the defense or indemnification of Pepsi, or to reimburse any party for any expenses incurred in connection with the Underlying Claims, is limited by and subject to all the terms, conditions, exclusions, limits of liability, deductions, self-insured retentions, limitations, and other provisions contained in the alleged Century policies (the "Alleged Policies").

**FOURTH AFFIRMATIVE DEFENSE**

Coverage under the Alleged Policies is barred or limited in whole or in part to the extent the policyholder has failed to perform its obligations or otherwise to comply fully with the terms and conditions of said policies.

**FIFTH AFFIRMATIVE DEFENSE**

Coverage under the Alleged Policies is barred or limited in whole or in part to the extent the entity or entities whose acts or omissions caused the alleged property damage for which coverage is sought is not an insured under said policies.

**SIXTH AFFIRMATIVE DEFENSE**

Coverage under the Alleged Policies is barred or limited in whole or in part to the extent the relief sought is on account of any alleged damage which occurred or resulted prior to the inception or after the expiration of said policies, i.e., not during the policies' periods.

**SEVENTH AFFIRMATIVE DEFENSE**

Coverage under the Alleged Policies is barred or limited in whole or in part to the extent the Underlying Claims are not for "damages" within the meaning of said policies.

**EIGHTH AFFIRMATIVE DEFENSE**

Coverage under the Alleged Policies is barred in whole or in part to the extent that Plaintiff seeks recovery of sums which the policyholder did not become legally obligated to pay as damages arising out of an occurrence.

**NINTH AFFIRMATIVE DEFENSE**

Coverage, if any, is subject to the "other insurance" clause of the Alleged Policies.

**TENTH AFFIRMATIVE DEFENSE**

Coverage under the Alleged Policies is barred or limited in whole or in part to the extent the Underlying Claims do not constitute an "occurrence" or "accident" within the meaning of said policies.

///

**ELEVENTH AFFIRMATIVE DEFENSE**

Coverage under the Alleged Policies is barred or limited in whole or in part to the extent any injury or damage giving rise to the Underlying Claims was either expected or intended from the standpoint of the policyholder.

**TWELVTH AFFIRMATIVE DEFENSE**

Coverage under the Alleged Policies is barred or limited in whole or in part to the extent Plaintiff is not an insured under the Alleged Policies.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Coverage under the Alleged Policies may be barred or limited in whole or in part to the extent the policyholder has not fulfilled its duties in the event of an occurrence, claim or suit.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Coverage under the Alleged Policies may be barred or limited in whole or in part to the extent the policyholder failed to give timely notice of the Underlying Claims to Century.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks to recover from Century amounts for obligations or costs and expenses it has incurred in connection with the Underlying Claims prior to tendering such claims to Century.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Coverage under the Alleged Policies may be barred or limited in whole or in part to the extent there is a provision in said policies which provides that no action shall lie against the insurer unless, as a condition precedent thereto, there has been full compliance with all the terms of the policies, nor until the amount of the policyholder's obligation to pay shall have been finally determined either by judgment against the policyholder after actual trial or by written agreement of the policyholder, the claimant and the insurer.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Coverage under the Alleged Policies may be barred or limited in whole or in part by the terms, exclusions, conditions and limitations of any of said policies.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Coverage under the Alleged Policies may be barred or limited in whole or in part to the extent the policyholder has impaired Century's rights of subrogation has not done everything necessary to secure those rights.

**NINETEENTH AFFIRMATIVE DEFENSE**

Coverage under the Alleged Policies may be barred or limited in whole or in part to the extent the policyholder incurred any obligation or entered into any agreement without the express consent of Century.

**TWENTIENTH AFFIRMATIVE DEFENSE**

Coverage under the Alleged Policies may be barred or limited in whole or in part to the extent the policyholder negligently or intentionally failed to disclose, concealed or misrepresented facts that were material, including facts regarding the nature of its business operations, to the risk undertaken by Century.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Coverage under the Alleged Policies may be barred or limited in whole or in part to the extent the Underlying Claims have arisen from an event, act, omission, occurrence, transaction, loss or claim which was in progress or was not contingent or unknown at or before the time of issuance of said policies, recovery for which is precluded by applicable law and public policy.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Coverage under the Alleged Policies may be barred or limited in whole or in part to the extent Plaintiff seeks defense or indemnification for liability arising from acts or omissions not accidental, unforeseen, unintended or unexpected.

///

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Coverage under the Alleged Policies may be barred or limited in whole or in part to the extent the acts or omissions giving rise to the Underlying Claims were the result of wrongful, intentional, wanton or willful conduct.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Coverage under the Alleged Policies may be barred or limited in whole or in part to the extent prohibited by California Civil Code section 1668 and/or California Insurance Code sections 533, 22 or 250 or other applicable statutory provisions.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Any recovery against Century must be reduced to the extent the policyholder or anyone acting on its behalf has failed to mitigate, minimize or avoid damages for which the policyholder seeks coverage.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Coverage under the Alleged Policies may be barred or limited in whole or in part to the extent the acts or omissions giving rise to the Underlying Claims involve recovery for fines, penalties, punitive or exemplary damages, recovery for which is precluded by operation of law, public policy, or the terms, exclusions, conditions and limitations of said policies.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Coverage under the Alleged Policies may be barred or limited in whole or in part to the extent the acts or omissions giving rise to the Underlying Claims were in violation of law or public policy.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Any cause of action alleged against Century may be barred or limited in whole or in part by the provisions of sections 337, 337.15, 338.1 339(1), 340 and 343 of the California Code of Civil Procedure and/or any other applicable statute of limitations.

///

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Any cause of action alleged against Century may be barred or limited in whole or in part by the equitable doctrines of waiver, unclean hands, laches or estoppel.

**THIRTIETH AFFIRMATIVE DEFENSE**

Any cause of action alleged against Century may be barred, in whole or in part, to the extent OneBeacon has failed to join as necessary and proper parties to this action all entities that have claims or interests that would be affected by the relief sought, including all entities that may have issued any policies, certificate or other agreement of insurance or similar arrangement to Plaintiff.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Any recovery against Century must be reduced by amounts received from other insurers or other third parties.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Any recovery against Century must be reduced by any contribution due, or any periods for which Pepsi was uninsured, self-insured, or was otherwise responsible for its own defense and/or loss.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

To the extent OneBeacon destroyed evidence, lost evidence, allowed evidence to be lost, suppressed evidence or failed to preserve evidence, OneBeacon’s claims against Century are barred in whole or in part.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Coverage is barred by any and all pollution exclusions in the Alleged Policies.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Century's liability, to the extent any exists, to pay defense costs with respect to the Underlying Claims is limited to, at most, 12.91% in accordance with the allocation previously-adjudicated by the California Superior Court for the County of San Francisco, in January 2005, Case No. 420940.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Century's liability, to the extent any exists, to pay defense costs with respect to the Underlying Claims must be reduced and/or offset by the amount of any and all payments and/or overpayments, by reason of misallocation, lack of coverage or otherwise, already made by Century.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Century's liability, to the extent any exists, to pay defense fees with respect to the Underlying Claims must be reduced in accordance with the maximum rate provisions of California Civil Code § 2860.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Any dispute, to the extent one exists, regarding Pepsi's independent counsel's fees may only be resolved by way of mandatory arbitration under California Civil Code §2860.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Century presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Century therefore reserves the right to add additional affirmative defenses as discovery and investigation continue.

**WHEREFORE**, Century prays for judgment as follows:

1. That OneBeacon take nothing as against Century by reason of its Cross Complaint;

2. That the Cross Complaint be dismissed as against Century;

3. That a judicial declaration issue to the effect that Century has no duty to defend or indemnify Pepsi, or to contribute to the defense or indemnification of Pepsi, or to reimburse Pepsi for any expenses incurred in connection with the Underlying Claims;

4. That a judicial declaration issue to the effect that Century has no duty to indemnify Pepsi for any legal fees, expenses, penalties, or costs associated

with the Underlying Claims;

5. That Century is awarded its reasonable costs and expenses; and

6. Such other and further relief that the Court may deem just and proper.

DATED: October 8, 2010

AIWASIAN & ASSOCIATES

By *_/s/ John C. Conway_*
JOHN C. CONWAY
Attorneys for Defendant, Cross-Claimant and Cross-Defendant CENTURY INDEMNITY COMPANY, as successor to CCI Insurance Company, as successor to Insurance Company of North America

**PROOF OF S RVIC**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 725 S. Figueroa Street, Suite 1050, Los Angeles, California 90017.

On October 8, 2010, I served the foregoing document described as:. **CROSS D F NDANT C NTURY IND MNITY COMPANY'S ANSW R TO CROSS-COMPLAINT OF D F NDANT ON B ACON AM RICA INSURANC COMPANY** by placing the true copies thereof enclosed in sealed envelopes addressed as shown on the attached Service List.

☒ **BY UNIT D STAT S MAIL**: I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses shown and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collection and processing correspondence for mailing. On that same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in and sealed envelope with postage fully prepaid as shown on the attached Service List.

☐ **BY FACSIMIL TRANSMISSION**: Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers shown the attached service list. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is kept on file in this office.

☐ **BY OV RNIGHT D LIV RY**: I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses shown below, or on the attached Service List. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

☐ **BY P RSONAL S RVIC** : I personally delivered the document(s) to the persons at the addresses shown below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY M SS NG R S RVIC** : I served the documents by placing them in an envelope or package addressed to the person(s) at the address(es) shown on the attached service and providing them to a professional messenger service for service.

☐ **BY L CTRONIC S RVIC** : Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses on the attached Service List.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 8, 2010, at Los Angeles, California.

*/s/ Cathleen Jones*
Cathleen Jones

*Pepsi-Cola Metropolitan Bottling Company, Inc. v. Insurance Company of North America, Inc. and OneBeacon America Insurance Company*
USDC Central District of California Case No. CV 10-2696 SVW (MANx)
**SERVICE LIST**

| COUNSEL | REPRESENTING |
|---|---|
| Paul A. Zevnik, Esq.<br>Charles Malaret, Esq.<br>David S. Cox, Esq.<br>Kathleen A. Waters, Esq.<br>MORGAN LEWIS & BOCKIUS LLP<br>300 S. Grand Avenue, 22nd Floor<br>Los Angeles, CA 90071-3132<br>Tel: 213-612-2500<br>Fax: 213-612-2501<br>pzevni @morganlewis.com<br>cmalaret@morganlewis.com<br>dcox@morganlewis.com | Plaintiff<br>PEPSI-COLA METROPOLITAN BOTTLING COMPANY, INC. |
| Jan L. Pocaterra, Esq.<br>SELMAN BREITMAN LLP<br>11766 Wilshire Boulevard, Sixth Floor<br>Los Angeles, CA 90025<br>Tel: (310) 445-0800<br>Fax: (310) 473-2525<br>jpocaterra@selmanbreitman.com<br><br>Steven T. Adams, Esq.<br>MUSICK PEELER & GARRETT LLP<br>One Wilshire Boulevard, Suite 2000<br>Los Angeles, CA 90017<br>Tel: 213-629-7929<br>Fax: 213-624-1376 | Defendant and Cross-Defendant<br>ONEBEACON AMERICA INSURANCE COMPANY, formerly known as Commercial Union Insurance Company, individually and as successor-in-interest to Employers Commercial Union Company including Employers Liability Assurance Corporation |
| Mitchell B. Greenberg, Esq.<br>Stephanie Walker, Esq.<br>ABBEY WEITZENBERG WARREN & EMERY<br>100 Stony Point Road, Suite 200<br>P. O. Box 1566<br>Santa Rosa, CA 95402-1566<br>Tel: (707) 542-5050<br>Fax: (707) 542-2589<br>mgreenberg@abbeylaw.com<br>swal er@abbeylaw.com | Cross-Defendants<br>THE TRAVELERS INDEMNITY COMPANY; THE CONTINENTAL INSURANCE COMPANY; NORTHWESTERN NATIONAL INSURANCE COMPANY OF MILWAUKEE, WISCONSIN; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; and EMPLOYERS INSURANCE COMPANY OF WAUSAU, as indemnified by Whitman Corporation, now known as Pepsi-Cola Metropolitan Bottling Company, Inc. |
| Louise M. McCabe, Esq.<br>Louis M. Segreti, Esq.<br>TROUTMAN SANDERS LLP<br>550 West B Street, Suite 400<br>San Diego, CA 92101-3599<br>Tel: (619) 235-4040<br>Fax: (619) 231-8796<br>louise.mccabe@troutmansanders.com<br>lou.segreti@troutmansanders.com | Cross-Defendant<br>ALLSTATE INSURANCE COMPANY |